# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10207 | **DATE** | December 28, 2012 |
| **CASE TITLE** | Byron E. Hopkins (K-84336) vs. Time Warner Center (Tru TV) | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff's motion for leave to file *in forma pauperis* [3] without prejudice to reconsideration should he renew his motion in compliance with this order. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to: (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee and (2) submit an amended complaint. The Clerk is directed to send Plaintiff an *in forma pauperis* application, an amended civil rights complaint form with instructions, and a copy of this order. Plaintiff's failure to fully comply with this order will result in dismissal of this matter in its entirety.

■[For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, Byron E. Hopkins, a prisoner at the Vandalia Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff submitted an *in forma pauperis* application but it is incomplete. Northern District of Illinois Local Rule 3.3 requires that persons lodging new lawsuits must either pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis,* using the court's form and signing under penalty of perjury. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. The Prison Litigation Reform Act ("PLRA") also requires inmates to provide a certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the lodging of the complaint. 28 U.S.C. § 1915(b)(1). Plaintiff's *in forma pauperis* application does not include a certified copy of his trust fund account statement for the 6-month period immediately preceding the lodging of the complaint and it is not certified by the trust fund officer. If Plaintiff wants to proceed on amended complaint (see below), he must file a new motion for leave to file *in forma pauperis* on the court's form and have an authorized official(s) provide information regarding Plaintiff's trust fund account(s), including a copy of his trust fund account(s). Plaintiff must also write the case number in the space provided for it. Failure to complete the required form fully or otherwise comply with this order are grounds for dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

Furthermore, under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that on November 10, 2011, he was arrested for burglary. The vehicle was a "bait truck." On October 9, 2012, Tru TV aired a television program that included footage of Plaintiff's arrest. Plaintiff alleges that he did not give permission for his image to be used on the television program. He alleges that the television program "convicted me[,] made money off me & humiliated me." Plaintiff seeks to be compensated for the television program and for his lost employment stemming from his arrest and the airing of the television program. Plaintiff names "Time Warner Center (Tru TV)" as the Defendant.

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must state his basic legal claim. *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). The allegations must " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v.*

| STATEMENT |
|---|
| *Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).<br>      Plaintiff does not indicate what claim or claims he is attempting to raise (statutory or otherwise). Nor can the Court discern from the minimal allegations what claim or claims Plaintiff is attempting to raise. In addition, the minimal allegations fail to demonstrate that jurisdiction lies in this Court nor whether venue is proper in this Court. Accordingly, Plaintiff must submit an amended complaint addressing all of these deficiencies.<br>      Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.<br>      In summary, Plaintiff is granted thirty days to: (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee and (2) submit an amended complaint. Plaintiff's failure to fully comply with this order will result in dismissal of this case. |
|  |